```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA
```

LAWRENCE HALLORAN, III                         CIVIL ACTION

VERSUS                                         NO: 12-2051

CAROLYN W. COLVIN, ACTING                      SECTION: R
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION


### ORDER

    Before the Court are plaintiff Lawrence Halloran's objections[1] to the Magistrate's Findings and Recommendation[2] ("F&R") denying plaintiff's Motion for Summary Judgment. Having reviewed *de novo* the record, the Magistrate's F&R, the plaintiff's objections thereto, and the applicable law, the Court agrees with the Magistrate's recommendation and adopts the F&R as its opinion. The Court rejects plaintiff's objections to the F&R for the following reasons.

    Halloran contends that the Magistrate came to the "incorrect legal conclusion that 20 C.F.R. § 416.994(b)(2)(iv)(E) does not require a finding that disability continues when the Social Security Administration ("SSA") lost a prior file, did not reconstruct that file, and no exception to the medical

---

    [1]    R. Doc. 19-1.

    [2]    R. Doc. 18.

improvement standard applies."[3] He makes five arguments in support of this objection; the Court will address each in turn.

**I.    The F&R's interpretation of § 416.994 is not contrary to the plain language of the regulation.**

Halloran first contends that the plain language of § 416.994 compels a finding that he is entitled to continuing disability payments.

Halloran is correct that 20 C.F.R. § 416.994(b)(2)(iv)(E) precludes a finding of medical improvement when the file upon which the claimant's most recent favorable determination of benefits was based cannot be found and is not reconstructed. Moreover, two provisions of § 416.994 indicate that if (1) a claimant has not medically improved and (2) an exception to medical improvement does not apply, the claimant will continue to receive benefits. *See* 20 C.F.R. § 416.994(b) ("If medical improvement related to your ability to work has not occurred and no exception applies, your benefits will continue."); 20 C.F.R. § 416.994(b)(5)(iv) ("If we f[ind] . . . that there has been no medical improvement . . . we consider whether any of the [medical improvement exceptions] apply. If none of them apply, your disability will be found to continue."). Thus, Halloran asserts, because no exceptions to medical improvement apply to his case,

---

[3]    R. Doc. 19-1 at 1.

and because medical improvement may not be found under § 416.994(b)(2)(iv)(E), his disability payments must continue.

The flaw in Halloran's argument is this: while § 416.994(b)(2)(iv)(E) precludes a finding of medical improvement if the lost file is not reconstructed, that provision does not *compel* a finding of *no* medical improvement if the lost file is not reconstructed. *See* 20 C.F.R. § 416.994(b)(2)(iv)(E) ("If relevant parts of the prior record are not reconstructed . . . medical improvement cannot be found."). Nor does the regulation say that the claimant is deemed disabled if the file is not reconstructed. The ALJ, having determined that medical improvement could not be found because of the absence of the prior record, was no longer able to follow the sequential procedure set forth in § 416.994(b)(5) to determine whether Halloran's benefits should be continued. The ALJ could not say that there had been medical improvement, but neither could he say that there had been no medical improvement. Accordingly, as the Magistrate recognized,[4] the ALJ could not proceed beyond Step 2 of the eight-step process in § 416.994(b)(5). *See* 20 C.F.R. § 416.994(b)(5)(ii) (directing the agency to proceed to Step 3 if there has been medical improvement and to proceed to Step 4 if there has been no medical improvement).

---

[4] *See* R. Doc. 18 at 22.

3

Halloran points out that, "[a]bsent a finding of [medical improvement], the . . . evaluation cannot proceed to Steps 5-7."[5] But it is equally true that absent a determination that medical improvement has *not* occurred, the evaluation cannot proceed to Step 4. And, contrary to Halloran's assertion, the Magistrate's interpretation of the regulation does not "require[] ignoring the final two sentences of § 416.994(b)(2)(iv)(E)."[6] Future reviews and reopenings can still occur for a claimant whose file is lost if, for example, the claimant is found to be unable to engage in substantial gainful activity and so still eligible for disability benefits.

In sum, because the Court does not find Halloran's arguments convincing, and because his suggested reading would lead to an absurd result, *see infra* Section V, the Magistrate was correct that the ALJ's interpretation of the regulations is preferable.

**II. The ALJ's disability determination under § 416.920(a) did not impermissibly place the burden on the plaintiff to show that he remained disabled.**

Halloran is correct that a prior determination of eligibility for benefits "creates a presumption of continuing disability." *Taylor v. Heckler*, 742 F.2d 253, 255 (5th Cir. 1984). Yet the ALJ did not, as Halloran alleges, place the burden

---

[5]   *See* R. Doc. 19-1 at 5.

[6]   R. Doc. 19-1 at 5.

on the claimant to demonstrate that he was still disabled. Instead, The ALJ determined, pursuant to 20 C.F.R. § 416.920(a), that taking into account plaintiff's age, education, and work experience, there exist a significant number of jobs in the national economy that he can perform.[7] Under the regulations, the burden is on the agency to make this showing; if it cannot do so, the claimant will receive benefits. *See Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). The Court agrees with the Magistrate that substantial evidence supports the ALJ's finding that the agency carried its burden on this issue.

### III. This Court is not required to defer to the interpretation of the regulation set forth in the SSA Program Operations Manual.

The Court acknowledges that the SSA Program Operations Manual supports Halloran's reading of the regulation.[8] However, while an agency's interpretation of its own regulation would typically be entitled to deference, that is not the case here because the agency "has put forth two positions that are at loggerheads with each other." *Wilson v. Dep't of Agric.*, 991 F.2d 1211, 1217 (5th Cir. 1993). The Manual accords with Halloran's position, but the Commissioner has taken the exact opposite

---

[7] *See* R. Doc. 12 at 24-25.

[8] *See DI 28010.015 Comparison of Symptoms, Signs, and Laboratory Findings*, Social Security Administration, https://secure.ssa.gov/apps10/poms.nsf/lnx/0428010015.

stance in its submissions to the Court in this litigation. And interpretations of regulations contained in legal briefs, no less than those set forth in guidelines manuals, generally deserve deference from Article III courts. *Auer v. Robbins*, 519 U.S. 452, 462 (1997). Given the inconsistent positions set forth by the agency, the Court will interpret the regulation *de novo*.

**IV.     The cases on which Halloran relies are not entirely apposite and in any event are not binding on this Court.**

None of the cases Halloran cites confronts the precise issue before the Court -- namely, whether a claimant's benefits can be discontinued where medical improvement can be neither found nor ruled out, and where the ALJ has made a determination that the claimant is not disabled after performing a full sequential evaluation under § 416.920(a). Insofar as language in those opinions supports Halloran's position, the Court notes that the cases are not binding precedent and respectfully declines to follow them. Halloran's reading is not compelled by the language of the regulation and, as explained below, would lead to absurd results.

**V.      Halloran's interpretations of the regulation would lead to an absurd result.**

Contrary to Halloran's contention, the ALJ did not "skirt" the medical improvement standard through his interpretation of the regulation. Rather, since he was unable to apply the medical

improvement standard because of a lack of documentation, the ALJ turned to the only other method of evaluation at his disposal: a full sequential evaluation under § 416.920(a). This course of action was not in any sense "absurd."

In contrast, the absurdity that the Magistrate noted would result from Halloran's reading of the regulation is not "illusory," as Halloran argues, but quite real. The Magistrate notes that, were plaintiff's interpretation accepted, "the Commissioner c[ould] *never* find that a person is not disabled if the lost, favorable comparison point file cannot be reconstructed and no exception to the medical improvement standard applies."[9] Halloran points out that, under § 416.994(b)(2)(iv)(E), "the current documentation [becomes] the basis for future reviews."[10] Yet this does not resolve the absurd result identified by the Magistrate. Suppose, for example, that Halloran continues receiving disability benefits and that the SSA performs another evaluation in 2014. His most recent favorable determination would then be the 2009 determination at issue in this case. Thus, under Halloran's theory, the SSA would not be able to discontinue Halloran's benefits unless it found medical improvement from 2009 to 2014, *even though the documentation from 2009 showed that Halloran was not disabled*. Halloran, though not sufficiently

---

[9]   R. Doc. 18 at 17.

[10]  R. Doc. 19-1 at 9.

handicapped to be classified as "disabled" within the meaning of the regulation, would continue receiving benefits unless his condition improved even more. In other words, he would be operating under a different definition of the term "disabled" than every other claimant. Such a result would be utterly at odds with the regulations' goal of ensuring that decisions terminating benefits are made "uniform[ly]," "objectively," and "neutrally," § 416.994(b)(5). Accordingly, Halloran's reading should be avoided. *See Defensor v. Meissner*, 201 F.3d 384, 388 (5th Cir. 2000).

Halloran's motion for summary judgment is DENIED and his complaint is DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 8th day of August, 2013.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE