UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LAWRENCE HALLARON                                CIVIL ACTION

VERSUS                                           NO: 12-2051

CAROLYN W. COLVIN                                SECTION: R(2)

### ORDER AND REASONS

Plaintiff Lawrence Hallaron moves for an award of attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412.[1] For the following reasons, the Court grants in part and denies in part Hallaron's motion.

### I.   BACKGROUND

Hallaron began receiving supplemental security income benefits in 1987 after the Social Security Administration determined he had a qualifying mental impairment.[2] In 1997, Hallaron underwent a continuing disability review, and the Administration continued Hallaron's benefits.[3] This 1997 decision should have served as the "comparison point decision" for future reviews.[4] In 2009, the Administration determined that Hallaron's disability had ceased; however, the Disability Hearing Officer who rendered the decision could not find and thus did not use Hallaron's 1997 comparison

---

[1]   R. Doc. 27.

[2]   R. Docs. 18 at 2, 25 at 3.

[3]   R. Docs. 18 at 2, 25 at 4.

[4]   R. Docs. 18 at 2, 25 at 4.

point decision.[5]  On review of the officer's decision, an Administrative Law Judge (ALJ) upheld the cessation of benefits.[6] After the Appeals Council denied review, the ALJ's decision became the Social Security Commissioner's final decision.[7]

Hallaron filed a complaint for judicial review in this Court on August 9, 2012.[8]  The Court rendered judgment in favor of the Commissioner and dismissed Hallaron's complaint.[9]  Hallaron appealed the decision.  The Commissioner filed a motion to remand with the Fifth Circuit, conceding that the Administration's underlying decision was incorrect.[10]  The Fifth Circuit reversed and remanded the case with instructions to vacate the Commissioner's decision and remand the matter to the Commissioner.[11]  Hallaron now moves for an award of attorney's fees, asserting that he is the prevailing party and that the Commissioner's position in this litigation was not substantially justified.[12]  In support of his motion, Hallaron submitted a notarized affidavit by his attorney David Wilson, detailing the time Wilson spent pursuing Hallaron's

---

[5]   R. Docs. 18 at 2, 25 at 4.

[6]   R. Docs. 18 at 2, 25 at 4.

[7]   R. Docs. 18 at 2, 25 at 5.

[8]   R. Doc. 1 at 1.

[9]   R. Doc. 21.

[10]  See R. Doc. 28 at 3.

[11]  R. Docs. 25-26.

[12]  R. Doc. 27.

claim.[13]  The Commissioner opposes Hallaron's motion only on the issue of hours billed.[14]

## II.  DISCUSSION

Under the Equal Access to Justice Act (EAJA), the Court shall award attorney's fees and expenses if (1) the claimant is a "prevailing party, (2) the United States's position was not "substantially justified," and (3) there are no special circumstances that make an award unjust. *See* 28 U.S.C. § 2412(d)(1)(A); *Sims v. Apfel*, 238 F.3d 597, 599-600 (5th Cir. 2001).  The Commissioner concedes that Hallaron is entitled to attorney's fees.

### A.  Reasonable Hourly Rate

First, the Court must determine the appropriate hourly rate. The EAJA provides that the amount of fees awarded to a prevailing party should be "based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorneys fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

Hallaron requests an hourly rate of $175.00 for the work his counsel performed in this matter.  The Commissioner does not

---

[13]   R. Doc. 32.

[14]   R. Doc. 28.

dispute the hourly rate. In addition, courts in this district have recently recognized that a cost of living increase is appropriate. *See, e.g., Dubois v. Social Sec. Admin.*, No. 13-2438, 2014 WL 6485639, at *2 (E.D. La. Nov. 18, 2014)("After due consideration of prevailing market conditions . . . the Court will accept the hourly rate of $175.00 per hour this EAJA petition[.]"); *Grant ex rel. C.P. v. Colvin*, No. 12-1306, 2013 WL 4508161, at *2 (E.D. La. Aug. 22, 2013) (awarding $160 per hour for EAJA attorney's fees). Therefore, the Court concludes that the hourly rate of $175.00 is reasonable.

**B.   Hours Reasonably Expended on Litigation**

Second, the Court must determine whether Hallaron's counsel reasonably expended 194.1 hours on the litigation. The fee applicant bears the burden of proving that the hours requested are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Leroy v. City of Houston*, 831 F.2d 576, 586 (5th Cir. 1987). The Supreme Court requires fee applicants to exercise "billing judgment," meaning they should "exclude from a fee request hours that are excessive, redundant and otherwise unnecessary[.]" *Hensley*, 461 U.S. at 434, 437. Counsel should exclude hours that would be unreasonable to bill to a client, and therefore to one's adversary, irrespective of counsel's skill, reputation, or experience. *See id.* at 434 (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980)(en banc)).

The Commissioner opposes the number of hours for which Hallaron's counsel seeks remuneration. First, the Commissioner argues that because she filed a motion with the Fifth Circuit to remand Hallaron's case to the Commissioner, any hours spent litigating Hallaron's appeal should be excluded.[15] In response, Hallaron asserts that though the Commissioner represented that the ALJ rehearing Hallaron's case would locate or reconstruct the 1997 comparison point decision, the motion to remand failed to address what would happen if the ALJ could not actually locate or reconstruct Hallaron's file.[16] Indeed, the Commissioner ultimately proposed a solution to this issue in its subsequent briefing, which the Fifth Circuit adopted in its opinion. *See Hallaron v. Colvin*, 578 F. App'x 350, 354 (5th Cir. 2014) ("If the file can be reconstructed, the ALJ will be able to make the comparison the regulations mandate; if not, Hallaron's benefits will be continued, and the new ALJ decision will serve as the comparison-point decision for future CDRs.").

The Court finds that the time Hallaron's counsel spent arguing this case before the Fifth Circuit was reasonable. Hallaron's persistence in litigating his position was necessary because the Commissioner did not admit error until *after* Hallaron appealed this Court's decision and filed a brief with the Fifth Circuit. "[The] EAJA is designed to enable those oppressed by unreasonable

---

[15] R. Doc. 28 at 3.

[16] *Id.*

government action to vindicate their rights without having to worry about attorney fees." *Russel v. Nat'l Mediation Bd.*, 775 F.2d 1284, 1291 (5th Cir. 1985). As the Court has previously stated, if the Commissioner had conceded the Administration's error earlier, this Court, the Magistrate Judge, and now the parties, could have been saved much time and expense.[17]

Second, the Commissioner opposes 3.3 hours that Hallaron's attorney spent researching the proper venue in which to file his motion for attorney's fees.[18] Hallaron asserts that this issue "is an open question that required diligent research."[19] Hallaron also requests additional attorney's fees for the eight hours his counsel expended in researching and drafting his reply memorandum.[20]

The Court finds that 3.3 hours of research spent only on the issue of venue is excessive. The statement of proper venue in Hallaron's documentation supporting his motion is one quoted sentence. According to Wilson's itemization of time, the remainder of the six-page memorandum took only approximately one and one-half hours to both research and write. Further, basic research should have revealed a number of relevant opinions to support Hallaron's position. *See, e.g., Murkeldove v. Astrue*, 635 F.3d 784, 789 (5th Cir. 2011) ("We review a district court's decision to grant or deny

---

[17]   R. Doc. 26.

[18]   R. Doc. 28 at 4.

[19]   R. Doc. 31 at 6.

[20]   *Id.* at 8.

a party's request for attorney's fees pursuant to the EAJA . . . ."); *Jackson v. Sullivan*, 987 F.2d 772, at *1 (5th Cir. 1993) ("[R]arely will the district court not be the appropriate tribunal to make the initial determination on the EAJA application."); *Dole v. Phoenix Roofing, Inc.*, 922 F.2d 1202, 1208-09 (5th Cir. 1991) ("EAJA application requires a ruling from the district court in the first instance[.]" (citing *Rose v. U.S. Postal Serv.*, 774 F.2d 1355, 1363-64 (9th Cir. 1984)); *Thibodeaux v. Astrue*, 914 F. Supp. 2d 789, 792 (E.D. La. 2012) ("The EAJA 'vests the district courts with discretion to arrive at a reasonable rate for attorneys' fees[.]'" (quoting *Yoes v. Barnhart*, 467 F.3d 426, 426 (5th Cir. 2006))). More than three hours of research for a single sentence in a multi-page brief is unreasonable to bill to a client or an adversary regardless of counsel's skill, reputation, or experience. *See Hensley,* 461 U.S. at 434. Accordingly, the Court reduces the number of research hours to one hour.

Additionally, the Court finds that Hallaron's requested 8.8 hours associated with his eight-page reply memorandum is excessive in light of the rebuttal arguments raised and the minimal amount of time expended in drafting the initial supporting memorandum. Hallaron's reply is primarily dedicated to reiterating facts already in the record surrounding Hallaron's appeal to the Fifth Circuit, with few supporting citations.[21] Moreover, the reply did not further advance Hallaron's argument regarding the hours

---

[21] R. Doc. 31 at 2-6.

7

expended researching proper venue.[22]  Therefore, the Court reduces the compensation for this task by half, to 4.4 hours.  *See Hayes v. Astrue*, No. 3:09-CV-2018-G, 2010 WL 5479611, at *2 (N.D. Tex. Dec. 3, 2010) (reducing hours expended on reply brief as excessive).

Upon review of the attached itemization of time, the Court finds that the remainder of time charged is reasonable.  Therefore, the total reasonable hours expended are 196.2 hours at a rate of $175.00 for a total of $34,335.00.

### III. CONCLUSION

For the foregoing reasons, Hallaron's motion for attorney's fees is GRANTED IN PART and DENIED IN PART.  The Court awards Lawrence Hallaron a total of $34,335.00 in attorney's fees.

New Orleans, Louisiana, this __30th__ day of June, 2015.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[22]    R. Doc. 31 at 6-7.